IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ESAA S. WRIGHT,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: CV514-082

S. PETERSON; Officer TAYLOR;
Officer PAYNE; and EDWINA
JOHNSON,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Plaintiff also filed a Motion for Leave to File an Amended Complaint. Plaintiff's Motion is **GRANTED** to the extent the undersigned considered the assertions in Plaintiff's Amended Complaint in making this Recommendation. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Wright v. Shoob, 1:11-CV-2244 (N.D. Ga.) (Sept. 1, 2011) (dismissed as being frivolous, malicious, or failing to state a claim); (2) Wright v. Levine, 1:11-CV-2592 (N.D. Ga.) (Sept. 1, 2011) (same); and (3) Wright v. Fulton Cnty. D.A. Office, 1:11-CV-1275 (N.D. Ga.) (July 28, 2011) (same).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

AO 72A
(Rev. 8/82)

danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id.

In this Complaint, Plaintiff contends that Officers Peterson, Taylor, and Payne punched and kicked him while he was in the shower on October 21, 2012. Plaintiff alleges that he was placed in a cell for nine (9) days and was denied medical treatment for his injuries, including broken ribs. Plaintiff contends that Defendant Johnson covered up this incident.

At the time this Complaint was filed, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed this Complaint on October 16, 2014. Plaintiff should not be considered to meet the exception to the three strikes rule. The undersigned's Order dated October 17, 2014, is **vacated**. Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**. Plaintiff's claims should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 9th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)